IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| INTERNATIONAL FIDELITY<br>INSURANCE COMPANY,<br>       Plaintiff,<br><br>       v.<br><br>GREGORY J. PODLUCKY and<br>KARLA S. PODLUCKY,<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-0235 |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                          September 18, 2007

       This is an action in breach of contract. Plaintiff seeks to recover more than $300,000 under a General Agreement of Indemnity executed in its favor by defendants. Plaintiff has filed a motion for judgment on the pleadings as to Count II of its complaint [doc. no. 18]. Plaintiff contends that defendants have admitted all facts relevant to Count II, in which defendants seek an order of specific performance requiring that defendants post sufficient collateral under the Agreement. Defendants allege that there are facts in dispute preventing entry of judgment on the specific performance claim. Defendants also have filed a motion to stay these proceedings pending resolution of a criminal investigation against Mr. Podlucky [doc. no. 21].

       For the reasons set forth below, both motions will be

I.  BACKGROUND

Defendant Gregory J. Podlucky is the founder of Le-Nature's, Inc. Le-Nature's is currently the debtor in a Chapter 11 bankruptcy proceeding pending in this judicial district. Public sources reveal that various federal agencies are investigating Mr. Podlucky's involvement in wire and bank fraud, perjury, destruction of evidence, and financial crimes arising out of his business dealings.

In April of 2005, Gregory Podlucky, and his wife, Karla, executed a General Agreement of Indemnity in favor of plaintiff. Plaintiff issued two payment bonds under the Agreement, identifying Le-Nature's as principal. The obligees under these bonds have made demands for payment on plaintiff due to Le-Nature's alleged non-payment. Plaintiff has set reserves against these claims, and has made one payment of almost $49,000. The total amount of plaintiff's reserves and/or payments against the claims is $303,438.00. Plaintiff has filed this action to seek indemnification from defendants for these amounts. Plaintiff has also asked the court to order defendants to specifically perform that part of the Agreement requiring them to immediately post sufficient collateral.

II.   APPLICABLE LEGAL STANDARDS

    A.   Motion for Judgment on the Pleadings

A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute, and judgment on the merits may be achieved by focusing on the content of the pleadings and any facts of which the court may take judicial notice. A motion for judgment on the pleadings may be made at any time after the pleadings are closed.

Such motions, being directed toward a determination of the substantive merits of the controversy, should be granted only where it is clear that the merits of the controversy can be fairly and fully decided in such a summary manner. Shelly v. Johns-Manville Corp., 798 F.2d 93, 94 (3d Cir. 1986). In ruling on a Rule 12(c) motion, the court is required to view the allegations of the pleadings as true and the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Soc'y Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980).

    B.   Motion to Stay

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. Landis v. North American Co., 299 U.S. 248, 254 (1936). When a party in a

discretion to stay discovery, in whole or in part, until disposition of the criminal matter. RAD Services. Inc. v. Aetna Sur. and Cas. Co., 808 F.2d 271, 279 n.3 (3d Cir. 1986). Staying a case is an extraordinary measure and criminal defendants have no generalized due process right to stay proceedings in a related civil action. United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994); DeVita v. Sills, 422 F.2d 1172, 1181 (3d Cir. 1970). A party seeking a stay bears the burden of establishing that a stay is needed. Landis, 299 U.S. at 255.

In deciding how to exercise its discretion, a court must initially assess to what extent the issues in the criminal and civil cases overlap, and consider the status of the criminal case, including whether the defendant has been indicted. See e.g., In re Derivative Litigation, 2007 WL 1101276 (E.D. Pa. Apr. 11, 2007). Then, the court is to weigh the following factors: (1) the interest of the plaintiff in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interest of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

<u>Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.</u>, 87 F.R.D. 53, 55 (E.D. Pa. 1980).

III.  <u>DISCUSSION</u>

   A.  <u>Motion for Judgment on the Pleadings</u>

Plaintiff has moved for entry of judgment on the pleadings as to Count II of its complaint.  In that count, plaintiff asks the court to enforce the "placement in funds" provision of the Indemnity Agreement.  According to plaintiff, defendants have admitted all of the facts relevant to Count II.  Defendants claim that they have sufficiently denied the allegations of the complaint, and asserted affirmative defenses, such that judgment on the pleadings is inappropriate.  For the reasons that follow, we deny the motion for judgment on the pleadings.

We find that plaintiff has mischaracterized defendants' answer.  Defendants have not admitted the relevant allegations of the complaint.  Instead, they have denied that they have the obligation to post collateral under the circumstances of the claims made, and the terms of the Agreement.  In addition, defendants have raised numerous affirmative defenses to plaintiff's claims.  As demonstrated by plaintiff's own reply brief, several of these defenses require a decision as to the appropriate state law to apply to this case, and invite speculation regarding why defendants have not posted the

collateral, and the facts and circumstances surrounding execution of the Agreement, among other things. It is inappropriate to resolve such matters in the context of a motion for judgment on the pleadings.

This is not a case in which the material facts are not in dispute, and the merits of the controversy can be fairly and fully decided in a summary manner. Hence, the motion for judgment on the pleadings must be denied.

    B.   Motion to Stay

In their opposition to plaintiff's motion for judgment on the pleadings, defendants include a "Motion for Say [sic] of All Proceedings." [doc. no. 21, pg. 2]. In the filing, defendants allege that Mr. Podlucky is the subject of an "ongoing criminal investigation" and that his criminal defense counsel has advised him "to make no public representation, in order to avoid compromising his Constitutional rights under the Fifth Amendment." Id. at p. 3. According to defendants, Mr. Podlucky cannot participate in the defense of this action while asserting his Fifth Amendment rights in connection with the criminal investigation. Thus, defendants ask that this matter be stayed "until such time as the criminal investigation and proceedings against [Mr.] Podlucky have been concluded." Defendants filed no brief in support of their motion.

Defendants' filing does not satisfy their burden to justify the extraordinary remedy of a stay. As an initial matter, defendants have provided no information regarding the content of the investigation against Mr. Podlucky so that we can determine to what extent the issues overlap. Public sources referred to by plaintiff indicate that Mr. Podlucky is being investigated for various financial and business crimes involving Le-Nature's. Le-Nature's is not a signatory to the Agreement, but is the principle on the payment bonds issued by plaintiff. The issues in this case may overlap with the matters being investigated criminally, or they may not. Based on the information that is currently available, we cannot make a definitive determination on this factor. Therefore, this weighs against granting a stay.

The status of the criminal case also weighs against granting a stay. Mr. Podlucky has not been charged with any crime stemming from the criminal investigation. We have no formal charges to assess, and no way of knowing whether, or when, they will issue. It would be speculative to stay this civil case until resolution of a criminal case that has not yet been commenced, and about which we know nothing substantive.

Given that we cannot assess the overlap between the civil and criminal cases, and that the criminal case has not been commenced, our assessment of the five <u>Golden Quality</u> factors becomes superfluous. Furthermore, defendants, who have the

burden of proof on this motion, have not provided any evidence or argument regarding the factors. Regardless, we find that each <u>Golden Quality</u> factor supports our decision to deny the motion to stay.

We assess each of the five factors in turn. The plaintiff has an interest in proceeding expeditiously with this case. Mr. Podlucky's business is in bankruptcy. There is a real risk that assets will not be available to satisfy any judgment against him, or his wife, were this matter to be delayed indefinitely. On the other hand, there is no indication that these proceedings will impose any particular burden on defendants. Defendants have identified only the specter of a conflict with Mr. Podlucky's Fifth Amendment rights as justification for the stay. However, as of now, there is no concrete evidence that his rights will be implicated were this matter to proceed. The convenience of the court and the interest in judicial efficiency favor allowing this case to proceed, rather than to languish on the court's docket indefinitely. The public has an interest in prompt resolution of civil disputes, and in not allowing those being investigated for criminal wrongdoing to avoid their civil obligations.

Thus, defendants have failed to sustain their burden to obtain this extraordinary remedy. Our independent assessment of all relevant factors leads to the conclusion that the motion to stay should be denied.

IV.     CONCLUSION

Judgment on the pleadings is not appropriate in this case. Defendants have failed to justify the extraordinary remedy of a stay. Both motions will be denied.

The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL FIDELITY <br> INSURANCE COMPANY, <br>     Plaintiff, <br><br> v. <br><br> GREGORY J. PODLUCKY and <br> KARLA S. PODLUCKY, <br>     Defendants. | Civil Action No. 07-0235 |

ORDER

Therefore, this 18th day of September, 2007, IT IS HEREBY ORDERED that the plaintiff's motion for judgment on the pleadings [doc. no. 18] is DENIED;

IT IS FURTHER ORDERED that defendants' motion to stay [doc. no. 21] is DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record