IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INTERNATIONAL FIDELITY
INSURANCE COMPANY,
      Plaintiff,

v.

GREGORY J. PODLUCKY and
KARLA S. PODLUCKY,
      Defendants.

Civil Action No. 07-0235

## MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.

April 23, 2008

    This is an action in breach of contract. International Fidelity Insurance Company seeks to recover nearly $250,000 under a General Indemnity Agreement executed in its favor by defendants, Gregory and Karla Podlucky. Fidelity has filed a motion for summary judgment arguing that it is entitled to reimbursement for payments it made to third parties under the terms of the Agreement and the governing law [doc. no. 34]. The Podluckys contend that Fidelity is not entitled to reimbursement because it acted in bad faith in paying the claims. For the reasons set forth below, the motion will be granted.

I.       BACKGROUND

Gregory Podlucky is the founder of Le-Nature's, Inc., which is currently in bankruptcy. Karla Podlucky is his wife. In April of 2005, Mr. and Mrs. Podlucky executed a General Indemnity Agreement in favor of Fidelity. Le-Nature's was identified as the principal under the Agreement. When Le-Nature's defaulted on its payment obligations to Tri-City Mechanical, Inc. and Southwest Gas, Inc., those two companies made demand upon Fidelity for payment. Fidelity eventually paid a net amount of $249,804.52, including expenses, to the two companies. Fidelity now seeks reimbursement from the Podluckys under the Agreement.

At the time Fidelity filed this case, it had not yet made any payments to Tri-City Mechanical or Southwest Gas. Instead, it had set aside reserves equal to their claims. Therefore, in addition to a breach of contract count, the complaint included a claim for specific performance for the deposit of collateral security to cover Fidelity's reserves. Complaint at ¶¶11-17 [doc. no. 1]. Fidelity concedes that, having now made payments from the reserves, the specific performance count is moot. Brief in Support at p. 6 [doc. no. 35].

Thus, the instant motion seeks entry of judgment on the remaining breach of contract claim only. According to Fidelity, under the terms of the Agreement and Pennsylvania law, it is entitled to reimbursement of the amounts it actually paid to Tri-

2

City Mechanical and Southwest Gas, including expenses, unless the Podluckys can show that the payments were made in bad faith. The Podluckys contend that Fidelity "acted in bad faith by failing to fully investigate the bona fides of said bond claims" and by "failing to tender a defense of the claims to [the Podluckys'] counsel." Brief in Opposition at p. 3 [doc. no. 46]. However, the Podluckys have failed to identify evidence in support of any of their theories, as evidenced by their admission that "the evidentiary record in this case is virtually identical to that before the Court when it denied the Plaintiff's Motion [for Judgement on the Pleadings]." Id. at 2.

II. LEGAL STANDARD

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, *i.e.*, the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. *Id*. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 248-49. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations omitted).

A moving party may succeed in bringing a motion for summary judgment based on the absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The non-movant must show more than "[t]he mere existence of a scintilla of evidence" for elements on which she bears the burden of production and do more than raise "some metaphysical doubt" as to the material facts. Anderson, 477 U.S.

4

at 252; Matsushita Elec., 475 U.S. at 586. Similarly, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989) (citing Celotex, 477 U.S. at 325); see also Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit").

III.    DISCUSSION

The Indemnity Agreement provides that "originals or photocopies of claim drafts, or of payment records kept in the ordinary course of business, including computer printouts, verified by affidavit, shall be prima facia evidence of the fact and amount of such loss." Agreement at ¶ 2(1)(a)(1). Compliance with the terms of a so-called prima facia evidence clause shifts the burden to the indemnitor (here, the Podluckys) to disprove liability. Fallon Elec. Co., Inc. v. Cincinnati Ins. Co., 121 F.3d 125, 128 (3d Cir. 1997).[1] Fidelity has attached an affidavit verifying its payment records, and claiming a net loss of $249,804.52. The Podluckys, therefore, must submit evidence

---

[1] Fidelity cites to Pennsylvania law on this issue. Because the Podluckys do not dispute that Pennsylvania law should apply to the terms of the Indemnity Agreement, the court has applied Pennsylvania law.

raising a genuine dispute that Fidelity made the payments in bad faith in order to avoid summary judgment. The Podluckys have failed to satisfy their burden.

First, we note that we could resolve this motion on a procedural deficiency. The Podluckys have provided no response to Fidelity's Statement of Undisputed Material Facts. As a result, under the terms of this court's Final Scheduling Order, all such facts are deemed admitted. Final Scheduling Order at pp. 4-5 [doc. no. 32]. This, alone, would justify entry of judgment in Fidelity's favor.

However, we will nevertheless consider the Podluckys' opposition on the merits. As set forth above, because Fidelity has satisfied its burden under the prima facie evidence clause, the burden has shifted to the Podluckys to identify genuine issues of material fact regarding Fidelity's alleged bad faith.[2] The Podluckys' position is that Fidelity acted in bad faith because it paid Tri-City Mechanical and Southwest Gas after the Podluckys told it not to. In support of their position, the Podluckys have submitted an eight page opposition brief consisting solely of lawyer argument. The brief contains no citation to case law. The

---

[2] Although the Podluckys pled various affirmative defenses in their answer, on which they could also have relied in opposing Fidelity's motion for summary judgment, they include no argument, evidence, or law on any of them in their opposition papers.

brief includes no discussion of the evidence. The brief simply refers to the fact that the affidavit of Gregory Podlucky is attached. The affidavit, which is really an unsworn declaration, allegedly sets forth the substance of Mr. Podlucky's expected trial testimony.

Mr. Podlucky's statement consists of nothing more than a summary of the factual chronology of this dispute, interspersed with "conclusory allegations" regarding the ultimate issues in the case. Lujan, 497 U.S. at 888. For example, Mr. Podlucky states that:

- "It is my belief that Fidelity made no effort to investigate the bona fides of the bond claims..."; and
- "I believe that Fidelity paid these claims in bad faith..."; and
- "I believe this constitutes a failure of the occurrence of a condition precedent..."

Affidavit at ¶¶ 10, 14 [doc. no. 46-9].

Mr. Podlucky's personal belief that Fidelity acted in bad faith is insufficient to satisfy the Podluckys' burden to provide sufficient evidence that Fidelity acted in bad faith in order to survive summary judgment. The Podluckys' utter and complete failure to produce any evidence in support of their

7

position, regardless of the reason, is fatal at this point in the case.

IV.     CONCLUSION

Because the Podluckys have failed to satisfy their burden to show that there is a genuine issue regarding whether Fidelity acted in bad faith in paying Tri-City Mechanical and Southwest Gas, it is appropriate to enter summary judgment in Fidelity's favor on its breach of contract claim.

The appropriate order follows.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY, Plaintiff, | |
| v. | Civil Action No. 07-0235 |
| GREGORY J. PODLUCKY and KARLA S. PODLUCKY, Defendants. | |

ORDER

Therefore, this 25 day of April, 2008, IT IS HEREBY ORDERED that International Fidelity Insurance Company's motion for summary judgment on Count I [doc. no. 34] is GRANTED;

IT IS FURTHER ORDERED that judgment is entered in International Fidelity Insurance Company's favor in the amount of $249,804.52;

IT IS FURTHER ORDERED that Count II is dismissed as MOOT; and

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

*[signature]* J.

cc: All Counsel of Record